1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **CENTRAL DISTRICT OF CALIFORNIA**
10

11   IRENE R.,[1]                          Case No. 2:19-cv-04832-AFM
12               Plaintiff,
                                           **MEMORANDUM OPINION AND**
13        v.                               **ORDER AFFIRMING DECISION**
                                           **OF COMMISSIONER**
14   ANDREW SAUL,
15   Commissioner of Social Security,
16               Defendant.
17

18        Plaintiff filed this action seeking review of the Commissioner's final decision
19   denying her application for Social Security disability insurance benefits. In
20   accordance with the Court's case management order, the parties have filed
21   memorandum briefs addressing the merits of the disputed issues. This matter is now
22   ready for decision.
23                          **BACKGROUND**
24        Plaintiff first applied for disability insurance benefits on January 17, 2006,
25   alleging that she became disabled on May 11, 2000. (Administrative Record ["AR"]
26
     ─────────────────────
27   [1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure
     5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case
28   Management of the Judicial Conference of the United States.

122.) On May 13, 2008, Administrative Law Judge ("ALJ") Joel B. Martinez found that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work. (AR 125.) ALJ Martinez determined that Plaintiff could perform work existing in significant numbers in the national economy. (AR 130.) Accordingly, ALJ Martinez concluded that Plaintiff was not disabled. (AR 131.) The Appeals Council denied review. (AR 132-134.) ALJ Martinez's decision subsequently became the final decision of the Commissioner.

On September 28, 2015, Plaintiff filed a new application for disability insurance benefits. (AR 257-258.) Plaintiff alleged the same disability onset date as alleged in her previous application: May 11, 2000. (AR 257.) Plaintiff's claim was denied. (AR 148-152.) A hearing took place on February 23, 2018 before ALJ Edward T. Bauer. (AR 36.) Both Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing. (AR 38-87.)

In a decision dated May 21, 2018, ALJ Bauer found that Plaintiff did not show changed circumstances and, as a result, failed to rebut the presumption of continuing non-disability. (AR 10-13.) Nevertheless, ALJ Bauer also evaluated the evidence proffered by Plaintiff and made his own findings. (AR 13-16.) ALJ Bauer determined that Plaintiff failed to identify or submit new and material evidence to demonstrate that she was disabled on or before her date last insured. (AR 13-16.) ALJ Bauer therefore concluded that ALJ Martinez's decision was binding. (AR 16.) The Appeals Council denied Plaintiff's request for review, thereby rendering ALJ Bauer's decision the final decision of the Commissioner. (AR 1-6.)

**DISPUTED ISSUE**

Whether the ALJ properly found that Plaintiff had not overcome the presumption of continuing non-disability.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial

evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

### I.     Relevant Law

The principles of res judicata apply to administrative decisions. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). Thus, an ALJ's determination that a claimant is not disabled creates a presumption that the claimant continued to be able to work after that date. *Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009). An ALJ's findings cannot be reconsidered by a subsequent ALJ unless the claimant shows "changed circumstances" – that is, new and material information not presented to the first judge. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008); *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). Following *Chavez*, the Social Security Administration adopted Acquiescence Ruling 97-4(9) to explain how it would apply *Chavez* within the Ninth Circuit. Pursuant to that ruling, an ALJ must apply a presumption of continuing non-disability, which a claimant may rebut "by showing a 'changed circumstance' affecting the issue of disability with respect to the unadjudicated period." AR 97-4(9), 1997 WL 742758, at *3. "Changed circumstances" include the existence of a new impairment not considered in the previous application, a change in the claimant's age category, or an increase in the

severity of the claimant's impairment. *See Lester*, 81 F.3d at 827; *Chavez*, 844 F.2d at 693; *see also* AR 97-4(9).

## II.    ALJ Bauer's Decision

ALJ Bauer began by acknowledging the prior ALJ's decision, which concluded that Plaintiff retained the capacity to perform a range of light work. (AR 10.) ALJ Bauer determined that the *Chavez* presumption of continuing non-disability applies to Plaintiff because her case meets the following criteria set forth in Social Security Acquiescence Ruling 97-4(9): "the adjudicator is deciding a subsequent disability claim with an unadjudicated period arising under the same title of the Act as a prior disability claim;" an ALJ previously decided that Plaintiff is not disabled and that ALJ's decision became final; the previous ALJ's decision "was based on the claimant's work activity or earnings, an evaluation of medical evidence of the claimant's impairments, or a consideration of both medical and vocational factors;" Plaintiff resided in California at the time of the subsequent claim. (AR 10-11.) Thus, ALJ Bauer concluded that Plaintiff was required to rebut the presumption of a continuing non-disability before she could be found disabled. (AR 11.)

ALJ Bauer also addressed Plaintiff's contention that, pursuant to Social Security Ruling ("SSR") 68-12a, a demonstration of "new and material evidence" would permit her to establish that the previous ALJ's decision was erroneous and make her "eligible to receive disability benefits based upon her current – not prior – application." (AR 11.)[2] As he explained:

> [I]n the Social Security disability context the phrase 'new and material evidence,' as referenced in SSR 68-12a, is defined by HALLEX I-3-9-40(C)(1), II-5-1-9 and I-2-4-40(J) as follows:

---

[2]  ALJ Bauer noted that "[Plaintiff] specifically states that she is not seeking to reopen and set aside [the previous ALJ's] decision, conceding that the time period permitting her to do so has expired." (AR 11; *see* AR 349.)

1            To satisfy the regulatory standard for reopening, evidence is 'new

2            and material when:

3            1. The evidence is not part of the claim(s) record as of the date of

4            the determination or decision;

5            2. The evidence relates to the period on or before the date of the

6            determination or decision; and,

7            3. The evidence shows facts that would have resulted in a different

8            conclusion as to the eligibility, entitlement, or benefit amount

9            than originally reached had the evidence been introduced or

10           available at the time of the determination or decision.

11   (AR 12.)

12           ALJ Bauer considered the issue to be "whether SSR 68-12a remains applicable

13   to the facts in this case, in light of the Agency's subsequent Acquiescence Ruling 97-

14   4(9), also known as *Chavez*." (AR 11 (emphasis added).) He began his discussion by

15   noting that "the Agency policy upon which [Plaintiff] attempts to rely, SSR 68-12a,

16   was promulgated in 1968. Since that time, there has been a fundamental shift in

17   Agency policy regarding the res judicata/precedential effect of prior decisions within

18   the Ninth Circuit." (AR 12 (emphasis omitted).) He determined that since SSR 68-

19   12a permits a present finding of disability "even though a claimant's date last insured

20   has expired and reopening of a prior application is impermissible, […] *Chavez* no

21   longer permits this dated practice within the Ninth Circuit." (AR 13 (emphasis

22   added).) Therefore, ALJ Bauer concluded that the *Chavez* presumption of continuing

23   non-disability supersedes SSR 68-12a since the presumption was not recognized

24   when SSR 68-12a was implemented. (AR 13.) As he reasoned, Acquiescence Ruling

25   97-4(9) makes clear that the "presumption may only be overcome by demonstrating

26   'changed circumstance.' There are no exceptions or caveats provided in the

27   Acquiescence Ruling." (AR 13.) Additionally:

28

[I]n promulgating [Acquiescence Ruling] 97-4(9), the Agency was well within its authority to carve out an exception for the situation contemplated in SSR 68-12a. Though the Acquiescence Ruling is replete with qualifiers and specific limitations on the application of the [...] *Chavez* ruling, an SSR 68-12a exception to the presumption of continuing nondisability, based upon demonstrable 'new and material evidence' was not incorporated within the ruling, or even suggested.

(AR 13 (emphasis added).)

ALJ Bauer determined that in light of Acquiescence Ruling 97-4(9), *Chavez* was controlling in Plaintiff's case. (AR 13.) He found that Plaintiff had not overcome the presumption of continuing non-disability since she had not alleged any changed circumstances and only relied on SSR 68-12a to present new evidence. (AR 13.) Accordingly, ALJ Bauer adopted the previous ALJ's findings and concluded that "[Plaintiff] remains 'not disabled' on or before her date last insured." (AR 13.)

Nevertheless, in the alternative, ALJ Bauer continued to determine whether Plaintiff had provided "new and material evidence" sufficient to demonstrate that she was disabled on or before her date last insured pursuant to SSR 68-12a. (AR 13.) Because ALJ Bauer was unable to determine the specific medical evidence that the previous ALJ reviewed when making his determination, he "focused on the 'material' component of the evidence." (AR 14.) He found that Plaintiff's "new" evidence was not material and therefore did not consider whether the evidence qualifies as new. (AR 14.)

ALJ Bauer discussed the "new" evidence presented by Plaintiff. Specifically, ALJ Bauer noted that Plaintiff had reported to treating sources that she experienced severe headaches lasting from one to four hours, one to three times per day. (AR 14, citing AR 7862.) On the other hand, he pointed to different evidence indicating that Plaintiff's headache symptoms were light and that she only experienced one to two migraine headaches per year. (AR 14, citing AR 1960, 7444.) He further noted that

Plaintiff reported that medication helped to alleviate her headaches. (AR 14, citing AR 7608.)

ALJ Bauer also addressed MRI reports. While a September 2003 MRI "appear[ed] to reveal arteriosclerotic and ischemic changes to [Plaintiff's] brain" (AR 14, citing AR 7207), a subsequent 2007 MRI was unremarkable. (AR 14, citing AR 7377.) In addition, ALJ Bauer found that the alleged severity of Plaintiff's headaches was inconsistent with her failure to seek urgent or emergency care. (AR 15.) Plaintiff only sought medical care in the workers' compensation setting, failed to seek out independent medical care, and reported her severe headaches solely within the workers' compensation litigation medical evaluation process. (AR 15.)

Finally, ALJ Bauer found that Plaintiff's alleged symptoms were not supported by objective evidence because there was no evidence of any neurological deficits or abnormalities and little evidence that her headaches affected her cognitive functioning. (AR 15.) He observed that Plaintiff had undergone two consultative psychological examinations. (AR 15.) One consultative examiner conducted an extensive and comprehensive evaluation and determined that Plaintiff demonstrated no limitations in her ability to perform basic work-related mental functions. (AR 15, citing AR 7878.) ALJ Bauer noted that during the evaluation, Plaintiff produced an invalid MMPI test, causing the consultative physician to be concerned about Plaintiff's honesty in her responses. (AR 15, citing AR 7870.) The second examiner identified psychiatric symptoms, mental limitations and impairments, and diagnosed Plaintiff with a depressive disorder. (AR 15, citing AR 2087.) Yet, even this examiner opined that his findings would only result in "slight to moderate" limitations for basic work-related mental functions. (AR 15, citing AR 2090-91.)

ALJ Bauer concluded that even if the second examiner's findings were accepted, it would not change the outcome of ALJ Martinez's decision because Plaintiff had not identified any evidence that would have led the previous ALJ to

make a different disability determination. (AR 15-16.) As such, Plaintiff failed to present "new and material evidence" as defined by the SSA. (AR 16.)

**III.   Analysis**

There is no dispute that Plaintiff filed "a subsequent disability claim with an unadjudicated period arising under the same title of the [Social Security] Act as [her] prior claim on which there has been a final decision by an ALJ […] that [she] is not disabled." AR 97-4(9), 1997 WL 742758, at *3. Accordingly, the *Chavez* presumption of continuing nondisability applies, unless Plaintiff can show changed circumstances to overcome the presumption.

Here, the evidence that Plaintiff cites predates the first ALJ's decision. (ECF No. 30 at 8-9.) Such evidence is therefore irrelevant to the *Chavez* evaluation as it cannot indicate changed circumstances after the previous ALJ's decision. *See Carbajal v. Berryhill*, 2017 WL 2603300, at *11 (C.D. Cal. June 15, 2017) ("because the record itself pre-dates the first ALJ's decision, that record itself cannot constitute a 'changed circumstance' that would overcome the *Chavez*/res judicata presumption of continuing nondisability"); *see also Jesus v. Astrue*, 2009 WL 2900290, at *7 n.6 (C.D. Cal. Sept. 3, 2009) ("changed circumstances" relate to the period since a previous ALJ's decision, not since Plaintiff's alleged onset of disability); *Maestas v. Astrue*, 2010 WL 3199270, at *5 (C.D. Cal. Aug. 10, 2010) (holding that to rebut the presumption of non-disability, "[P]laintiff must demonstrate 'changed circumstances' since the previous decision" and since Plaintiff's proffered evidence predates a previous ALJ's decision and was within the time frame adjudicated by that ALJ, it has "no bearing" on the subsequent ALJ's decision).[3] In sum, because Plaintiff relies exclusively on evidence within the previously adjudicated time period. the ALJ properly found that Plaintiff has not alleged changed circumstances and has failed to rebut the presumption of continuing non-disability.

---

[3]  Further, Acquiescence Ruling 97-4(9) specifically considers a "subsequent claim involving an *unadjudicated* period." AR 97-4(9), 1997 WL 742758, at *3 (emphasis added).

Plaintiff acknowledges the res judicata effect of the prior ALJ's decision and recognizes that she must overcome a presumption of continuing non-disability pursuant to Acquiescence Ruling 97-4(9) and *Chavez*. (ECF No. 30 at 5.) Plaintiff also does not attempt to show "changed circumstances" to rebut the presumption. Rather, Plaintiff argues that res judicata does not apply because there is new and material evidence relating to the period before the date of the first ALJ's decision. In support of her argument Plaintiff relies on SSR 68-12a. (ECF No. 30 at 5.)

Social Security Ruling 68–12a provides that "where it has been found that new and material evidence exists in the present record, the restrictive doctrine of res judicata may not be applied thereto, and the claimant may now be entitled to a favorable finding on an issue previously decided against [her] even though – as in the instant case – the lapse of time may prevent the reopening of prior determinations to the contrary." SSR 68–12a, available at 1968 WL 3926; *see Sands v. Berryhill*, 2017 WL 3197772, at *3 (D. Or. July 12, 2017), *report and recommendation adopted*, 2017 WL 3197234 (D. Or. July 27, 2017); *Wilson-Sujo v. Colvin*, 2013 WL 5423436, at *5 (E.D. Cal. Sept. 26, 2013). The issue, therefore, is whether new and material evidence exists. As set forth above, ALJ Bauer concluded that it does not.

As an initial matter, the Commissioner argues that the evidence submitted by Plaintiff is not new because Plaintiff's headaches were discussed and considered by the previous ALJ. (ECF No. 31 at 5, citing AR 112-115, 128.) The Commissioner correctly points out that Plaintiff discussed her headaches at length during her hearing with the previous ALJ. (AR 99, 112-116.) Furthermore, the previous ALJ acknowledged that Plaintiff "alleged disability due to musculoligamentous sprain, not being able to sit for a long time and headaches." (AR 128.) However, that ALJ found that "the record does not substantiate that any of these symptoms or impairments were disabling on or before […] the date last insured." (AR 128.) As a result, it is clear that the previous ALJ was aware of evidence about Plaintiff's headaches. Plaintiff's argument that the evidence is "new" is based upon her

1    speculation that the ALJ's failure to affirmatively discuss specific evidence means it
2    was not part of the record. It is not clear whether this is sufficient to render the
3    evidence new, but the Court need not resolve the issue because ALJ Bauer assumed
4    the evidence was new[4] and concluded that it was not material.

5        ALJ Bauer recognized that "new and material" is a term of art, and that in the
6    Social Security context, evidence is "new and material" only if it:

7            show[s] facts that would have resulted in a different conclusion as to
8            eligibility, entitlement, or benefit amount than originally reached had
9            the evidence been introduced or available at the time of the
10           determination or decision.

11   (AR 14 (quoting HALLEX I-3-9-40(C)(1)).) Plaintiff agrees that this definition is
12   applicable here. (ECF No. 30 at 5.) The Ninth Circuit has a similar, more liberal,
13   materiality test that is used in the context of a remand under 42 U.S.C. § 406(g).
14   There, new evidence is considered "material" when it bears "directly and
15   substantially on the matter in dispute," and if there is a "reasonable possibility that
16   the new evidence would have changed the outcome of the […] determination."
17   *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (internal quotation marks
18   and citation omitted). It is the plaintiff's burden to establish the materiality of new
19   evidence – i.e., that the new evidence has a reasonable probability of changing the
20   outcome. However, even when applying this more lenient standard, Plaintiff fails to
21   show that her proffered evidence is material.

22       Plaintiff identifies thirteen medical records that she contends constitute "new
23   and material" evidence. (ECF No. 30 at 8-9.) Eight are treatment notes reflecting
24   Plaintiff's complaints of headaches. (*See* AR 6298, 6362, 6377, 6828, 6841, 7042,
25   7059, 7092.) Notably, one of those records indicates that Plaintiff's headaches benefit
26   from medication. (AR 6828.) More importantly, the previous ALJ addressed

27   _____
28   [4] ALJ Bauer did so because he was unable to determine what specific evidence the previous ALJ
     had examined.

Plaintiff's subjective complaints of headaches, and it is not reasonably likely that evidence of Plaintiff's sporadic headache complaints would have led that ALJ to reach a different conclusion. According to Plaintiff, one "new and material" treatment note states, "rule out migrant variant type of headache." (ECF No. 30 at 8, citing AR 6384.) Although AR 6384 does not contain such a treatment note – even assuming such a note exists elsewhere in the record – evidence that a physician planned to rule out migraine headaches would not have resulted in a different conclusion about Plaintiff's headaches by the prior ALJ. Next, Plaintiff points to notations indicating that she takes prescription medication for her headaches. (AR 6837, 7133.) It is far from clear how evidence that Plaintiff took prescription medication materially alters the state of the evidence before the previous ALJ – particularly since Plaintiff reported that the medication helped to decrease the severity and frequency of her headaches. (*See* AR 7080.) Nothing suggests that if the ALJ considered the prescription medication, he would have reached a difference conclusion about her headaches. *See Reynolds v. Colvin*, 2013 WL 6478469, at *4 (C.D. Cal. Dec. 9, 2013) (holding that where the plaintiff's pain was reasonably controlled with pain medication, the ALJ properly considered the medical evidence to find the plaintiff not disabled) (citing *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled with medication or treatment, it is not disabling.")). Lastly, Plaintiff cites the 2003 MRI which revealed chronic ischemia for small vessel atherosclerotic disease (AR 7207) and a follow-up note one month later which essentially restated those results (AR 7080). However, a 2007 MRI proved unremarkable, as it did not reveal any findings or abnormalities. (AR 7377.) Given that the 2007 MRI is more recent, it holds more weight and undermines any materiality of Plaintiff's 2003 MRI. Thus, substantial evidence supports ALJ Bauer's determination that the evidence proffered by Plaintiff is not material because there is no reasonable likelihood that it would have resulted in a different conclusion by the previous ALJ. And ALJ Bauer properly found, using the SSA's more restrictive

definition, that the evidence proffered by Plaintiff does not establish that the previous ALJ's decision "would have resulted in a different conclusion as to eligibility, entitlement, or benefit amount." HALLEX I-3-9-40(C).

Plaintiff contends that the ALJ "selectively consider[ed] some entries in the medical record while ignoring others." (ECF No. 30 at 10-11.) While the ALJ did not address each of the thirteen instances cited by Plaintiff (ECF No. 30 at 8-9), he did accurately summarize the headache evidence. For example, he acknowledged that Plaintiff "frequently reported to workers [*sic*] compensation treating sources that she experienced chronic headaches." (AR 14.) The ALJ also noted both of Plaintiff's MRI results and the pain medication she took for her headaches. (AR 14.)  ALJ Bauer also discussed the 2003 MRI, and he stated that Plaintiff's 2007 MRI was unremarkable. (AR 14, citing AR 7377.) In addition, Plaintiff reported that her headaches were "light" (AR 1960) and that she only had migraine headaches once or twice a year. (AR 7444.) In sum, given the inconsistencies in the record regarding headaches and the absence of significant objective clinical findings, ALJ Bauer's characterization of the purportedly new evidence as not material is supported by substantial evidence.

Finally, Plaintiff argues that even if the ALJ properly found that her headaches are a non-severe impairment, "the presence of a non-severe impairment is sufficient enough to defeat the continuing presumption of non-disability." (ECF No. 30 at 11.) By this, Plaintiff seeks to circumvent the presumption of non-disability. As stated above, to rebut the presumption of continuing non-disability, Plaintiff must show a "changed circumstances." *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008); *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995); AR 97-4(9), 1997 WL 742758, at *3. Whether or not an entirely new, non-severe impairment may overcome the presumption, it still must constitute a "changed circumstance." As ALJ Bauer found, Plaintiff has not alleged any changed circumstances. Because Plaintiff has

failed to rebut the presumption of continuing non-disability, ALJ Bauer properly adopted the findings of the previous ALJ.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED:  7/30/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE